UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDELL M. ARMSTEAD, JR., <br><br> Petitioner, <br><br> v. <br><br> RONALD HAYNES, <br><br> Respondent. | Case No. C20-391-MJP-MLP <br><br> REPORT AND RECOMMENDATION |

## I.  INTRODUCTION

This is a federal habeas action brought under 28 U.S.C. § 2254. Petitioner, proceeding *pro se*, is currently incarcerated at the Stafford Creek Correction Center in Aberdeen, Washington. The petition has not been served on Respondent. This matter is before the Court on Petitioner's Response to the Court's Order to Show Cause (dkt. # 6) regarding the timeliness of his habeas petition ("Petitioner's Response"). (Pet.'s Resp. (Dkt. # 9).) For the reasons explained below, the Court recommends Petitioner's habeas petition be DISMISSED with prejudice, and that a certificate of appealability be DENIED as to all claims.

## II.  BACKGROUND

On May 6, 2020, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking to challenge a 2008 judgment and sentence of the Snohomish County

REPORT AND RECOMMENDATION - 1

Superior Court. (Pet. (Dkt. # 4) at 1.) According to his petition, Petitioner was convicted on one count of Attempted First-Degree Murder, and the Snohomish County Superior Court sentenced him to 372 months. (*Id.* at 1.)

On September 14, 2009, the Washington Court of Appeals affirmed on Petitioner's direct appeal of his conviction. (Pet. at 2; *see State v. Armstead*, 152 Wash.App. 1012 (Wash. App. Div. 1 2009).) On April 28, 2010, the Washington Supreme Court declined review. (Pet. at 2; *see State v. Armstead*, 168 Wash.2d 1033 (Wash. 2010).)

Petitioner's habeas petition failed to include a complete record of his state collateral review.[1] According to the Snohomish County docket in Petitioner's underlying case, Petitioner filed a motion under Washington Superior Court Criminal Rule 7.8 ("CrR 7.8") that was transferred to the Washington Court of Appeals as a personal restraint petition in June 2010. *See* Order Transferring Motion for Relief from Judgment to Court of Appeals, Dkt. # 187, *State v. Armstead*, Snohomish County Cause No. 07-1-01793-8. In May 2011, and September 2011, the Washington Court of Appeals denied two personal restraint petitions concerning Petitioner's underlying criminal action. *See* Certificate of Finality, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 65487-0-I; Certificate of Finality, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 65597-3-I.

---

[1] Petitioner's habeas petition references that he filed a motion under CrR 7.8 in the underlying criminal action in Snohomish County Superior Court, which was subsequently transferred to the Washington Court of Appeals as a personal restraint petition. (Pet. at 6-8.) However, Petitioner's habeas petition failed to identify the date when the referenced motion was filed or attach a certificate of finality from the Court of Appeal's ruling on the referenced motion. Furthermore, given Petitioner's voluminous filings, it is difficult for the Court to clearly ascertain what post-conviction motion is specifically referenced by Petitioner's habeas petition as there is record of four personal restraint petitions being filed at the Washington Court of Appeals in this matter. *See* Personal Restraint Petition, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 65487-0-I; Personal Restraint Petition, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 65597-3-I; Personal Restraint Petition, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 77219-8-I; Personal Restraint Petition, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 78918-0-I.

Throughout 2017 and 2018, Petitioner continued to file several motions under CrR 7.8, and state habeas petitions, in his underlying case. In July 2017, a portion of the motions filed under CrR 7.8 were transferred to the Washington Court of Appeals as a personal restraint petition. *See* Personal Restraint Petition, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 77219-8-I. On June 8, 2018, the Washington Court of Appeals entered a certificate of finality on those motions. *See* Certificate of Finality, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 77219-8-I. In September 2018, another portion of petitioner's motions filed under CrR 7.8 were transferred to the Washington Court of Appeals as a personal restraint petition. *See* Personal Restraint Petition, *Matter of Armstead, Jr.*, Court of Appeals Cause No. 78918-0-I. On May 17, 2019, the Washington Court of Appeals entered a certificate of finality on those motions. (Pet.'s Resp., Ex. 1 at 4.)

Petitioner seeks habeas relief on the grounds that: (1) he was denied his constitutional right to a jury trial; and (2) the Snohomish County Superior Court illegally imposed an indeterminate sentence. (Pet. at 5-8.) On May 22, 2020, this Court ordered Petitioner to show cause why his current petition should not be dismissed as barred by the one-year limitations period applicable to § 2254 habeas petitions based on the date of when his judgment went final. (Dkt. # 6 at 3.) On June 24, 2020, the Court granted Petitioner's Motion for an Extension of Time to respond to the Court's Order to Show Cause. (Dkt. # 8.) On July 20, 2020, Petitioner filed his Response. (Pet.'s Resp. (Dkt. # 9).)

In his Response, Petitioner argues that the timeliness of his habeas petition is not affected by his previous direct appeal. (Pet.'s Resp. at ¶ 2.) Instead, Petitioner argues that the timeliness of his habeas petition is predicated on the 2019 denial of his personal restraint petition by the Washington Court of Appeals, which began at the trial court level as a motion to correct an

REPORT AND RECOMMENDATION - 3

illegal sentence under CrR 7.8. (*Id.* at ¶ 3.) Consequently, Petitioner argues that the period for filing his habeas petition was tolled while his motion to correct an illegal sentence and personal restraint petition were pending at the Snohomish County Superior Court and Washington Court of Appeals. (*Id.* at ¶ 4.)

### III.   DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rule 4") requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). In this case, as further explained below, it is clear Petitioner's habeas petition is time-barred per 28 U.S.C. § 2244(d).

**A.   28 U.S.C. 2244(d)**

A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year limitations period in § 2254 habeas actions starts to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review with respect to the claim is pending is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

**B.    One-Year Limitations Period Analysis**

Here, Petitioner's Response fails to demonstrate his habeas petition was timely under 28 U.S.C. § 2244(d). Petitioner omitted numerous filings addressing his state collateral proceedings in this matter. Despite the confusing manner in which Petitioner raised multiple issues in his Response, the dispositive issue here is whether his habeas petition was timely under § 2244(d) because Petitioner filed this matter pursuant to 28 U.S.C. § 2254.[2] The Washington Supreme Court declined review of Petitioner's direct appeal on April 28, 2010. (Dkt. # 4 at 2.) In June 2010, Petitioner filed a CrR 7.8 motion in Snohomish County Superior Court that was transferred to the Washington Court of Appeals as a personal restraint petition. The Washington Court of Appeals subsequently denied that petition in May 2011.

Because Petitioner's first personal restraint petition was denied by the Washington Court of Appeals in May 2011, any state post-conviction motion filed in 2018 would have been filed well after the one-year-limitations period provided by § 2244(d) expired, and therefore, would not have acted to toll the limitations period. Moreover, even under a charitable reading of § 2244(d)(2) tolling, Petitioner's time to file his habeas petition expired in 2012. Petitioner did not file his federal habeas petition in this matter until May 6, 2020. (Dkt. # 4.) Accordingly,

---

[2] Outside of his submission of a 2019 certificate of finality from the Washington Court of Appeals, and his argument concerning the tolling of the one-year limitations period, Petitioner argues the Court's attempt to dismiss his petition on procedural grounds has created a cause and prejudice issue and an issue concerning RCW 10.73.090 under adequate and independent state ground doctrine. (Pet.'s Resp. at ¶¶ 5-9.) However, Petitioner's additional argument fails to address the discrete timeliness issue posed by the Court's previous Order to Show Cause. (Dkt. # 6 at 3.) Moreover, because the Court has determined Petitioner failed to file this matter within the one-year limitations period specified under § 2244(d), the Court need not address these issues.

Petitioner's attachment of a certificate of finality from 2019, regarding a personal restraint petition filed in 2018, fails to demonstrate Petitioner's time to file his habeas petition was effectively tolled to allow this matter to proceed.

The Court previously informed Petitioner the statute of limitations may be tolled in other special circumstances, but that the allegations in his habeas petition did not suggest any exception applies. (Dkt. # 6 at 3 n.1 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 412-14 (2005) (statute of limitations tolled for properly filed collateral state challenge to the pertinent judgment or claim); *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010) (equitable tolling of statute of limitations available where petitioner shows (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented timely filing); *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (statute of limitations equitably tolled where petitioner establishes that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995).) Outside of the submission of a 2019 certificate of finality, Petitioner's Response does not set forth any additional basis demonstrating the one-year limitations period was tolled or that his habeas petition was timely filed.

Accordingly, Petitioner's federal habeas petition is barred by the one-year limitations period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d). Because Petitioner's Response fails to correct the deficiencies identified in the habeas petition, and it does not appear the deficiencies can be cured, the Court recommends that Petitioner's habeas petition and this action be DISSMISSED with prejudice. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment") (internal citations omitted).

### IV.   CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court concludes that a certificate of appealability should be denied as to all claims.

### V.   CONCLUSION

Accordingly, the Court recommends Petitioner's proposed habeas petition (dkt. # 4) be DISMISSED with prejudice and a certificate of appealability be DENIED as to all grounds for relief. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 28, 2020.**

The Clerk of the Court is directed to send a copy of this Order to Petitioner and to the Honorable Marsha J. Pechman.

DATED this 3rd day of August, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8